CAIRO VILLAGE COUNCIL, Appellee,

v.

MILLER et al., Appellants. (Two Cases.)

[Cite as *Cairo Village Council v. Miller* (1997), 121 Ohio App.3d 246.]

Court of Appeals of Ohio,
Third District, Allen County.

Nos. 1–97–12 and 1–97–13.

Decided July 23, 1997.

*John C. Huffman* and *Stephen L. Becker,* for appellee Council of the Village of Cairo.

*David E. Bowers,* Allen County Prosecuting Attorney, for appellees Richard L. Ditto and H. Dean French.

*Siferd & Reed* and *Victoria U. Maisch,* for appellants.

---

SHAW, Judge.

This is a consolidated appeal of two cases by the defendants-appellants, James Miller and his son, Michael Miller. In the appeal before us, the Common Pleas Court of Allen County entered judgment granting plaintiff-appellee, Council of the Village of Cairo ("Council"), the appropriation of easements on appellants' properties.

On June 28, 1996, Council filed a complaint in each case to appropriate property for the purpose of constructing a sewer system for the village of Cairo. In its complaint, Council claimed authority to appropriate by virtue of the "Constitution and laws of the State of Ohio."

On September 30, 1996, the appellants filed motions for summary judgment, and Council responded in opposition. The trial court denied appellants' motions, finding that Council was acting under the authority granted by R.C. 719.02 and the appropriation sought by Council was reasonably necessary. The court thereby concluded that the only question of fact to be determined at trial was the issue of compensation to appellants for the property interest taken.

Appellants thereafter filed motions for reconsideration or in the alternative for certification to appeal. Upon reconsideration, the trial court let stand the portion of its decision that found that Council did have statutory authority to make the appropriation, but vacated its finding of necessity. The court assigned the matter to be heard on the question of necessity.

At the evidentiary hearing for both cases, the parties stipulated that Council had properly passed a resolution declaring the necessity of the appropriation of appellants' properties pursuant to R.C. 163.09. The parties also stipulated that appellants' properties were situated outside the corporation limits of the village of Cairo. Based upon the evidence presented, the trial court entered judgment in favor of Council, finding that the appropriation was reasonably necessary and was within the discretion of the municipality. The amount of compensation due appellants for the appropriation was stipulated to by the parties, and the court entered judgment on that basis.

Appellants now appeal, raising two assignments of error. For their first assignment of error, appellants assert:

"The trial court erred to the prejudice of appellants in determining that *Britt v. City of Columbus* (1974), 38 Ohio St.2d 1 [67 O.O.2d 1, 309 N.E.2d 412], was not applicable to this case."

■ Appellants argue that the Ohio Supreme Court case of *Britt* is applicable to this case because Council claimed to have eminent domain authority to appropriate appellants' land pursuant to the Ohio Constitution. They cite paragraph three of the syllabus, in which the Supreme Court held that Section 4, Article XVIII of the Ohio Constitution "does not confer eminent domain power upon a municipality to appropriate property beyond its corporate limits in order to extend its municipal sewerage system outside the municipality for the purpose of providing sewage [facilities] to noninhabitants of the municipality." Thus, under *Britt*, appellants argue that Council was barred from appropriating their land, which is outside the municipal limits.

In *Britt*, the Supreme Court found that the municipality had relied solely upon a constitutional grant of power to appropriate. Accordingly, the court concluded that the application of statutory authority granted by R.C. Chapter 719 to the municipality's appropriation was not an issue in that appeal and, thus, declined to address it.

In the case before us, it is true that Council did claim in its complaint the authority to appropriate appellants' properties pursuant to the Ohio Constitution. However, Council also asserted appropriation authority by virtue of the "laws of the State of Ohio." Because the trial court found that Council's complaint did not limit the basis of authority by which the appropriation was being made, it determined that Council could proceed under the statutory authority of R.C. 719.01 and 719.02, and thus, was not precluded by the holding in *Britt.*

The case before us is similar to our decision in *St. Marys v. Dayton Power & Light Co.* (1992), 79 Ohio App.3d 526, 607 N.E.2d 881. In that case, the complaint for appropriation did not limit the basis of authority by which the appropriation was being made; rather, the municipality stated that it was acting under the authority of both the Constitution and laws of the state of Ohio. As to these sources of authority, we found that the decision in *Britt* determined only the issue of whether the Ohio Constitution provided authority by which a municipality could appropriate property outside its corporate limits for the purpose therein sought. Consequently, this did not mean that the municipality's appropriation could not be sustained under the statutory authority provided in R.C. 719.01 and 719.02.

R.C. 719.02 permits a municipal corporation to appropriate property outside its limits and specifically states: "In the appropriation of property for any of the purposes named in section 719.01 of the Revised Code, the municipal corporation

may, when reasonably necessary, acquire property outside the limits of the municipal corporation." The purposes identified in R.C. 719.01(J) include "sewers, drains, ditches, public urinals, bathhouses, water closets, and sewage and garbage disposal plants and farms[.]"

As in *St. Marys,* the trial court in this case determined that Council could use its statutory power for purposes of the appropriation and, therefore, relief under *Britt* is inappropriate to this case. Accordingly, we find that appellants' first assignment of error is without merit, and it is overruled.

For their second assignment of error, appellants assert:

"Appellees' enlargement of the Village of Cairo sewer district without the knowledge or approval of the Ohio Environmental Protection Agency was an abuse of discretion pursuant to R.C. 163.09."

In arguing against the appropriation, appellants assert that Council enlarged the village of Cairo sewer district to include their two homes without the knowledge or approval of the Ohio Environmental Protection Agency ("OEPA"). Appellants argue that this enlargement constitutes an abuse of discretion by Council under R.C. 163.09 and thus bars it from appropriating appellants' properties. Further, appellants argue that Council cannot use its own decision to enlarge the sewer district to establish reasonable necessity for appropriating property outside its limits pursuant to R.C. 719.02.

With respect to appropriation of property by a municipality, R.C. 163.09 specifically provides:

"(B) When an answer is filed pursuant to Section 163.08 of the Revised Code and any of the matters relating to the right to make the appropriation, the inability of the parties to agree, or the necessity for the appropriation are specifically denied in the manner provided in such section, the court shall set a day, not less than five or more than fifteen days from the date the answer was filed, to hear such questions. Upon such questions, the burden of proof is upon the owner. A resolution or ordinance of the governing or controlling body, council, or board of the agency declaring the necessity for the appropriation shall be prima-facie evidence of such necessity in the absence of proof showing an abuse of discretion by the agency in determining such necessity."

As stated above, R.C. 719.02 permits a municipality to appropriate property outside its limits for any of the purposes identified in R.C. 719.01, provided that the appropriation is "reasonably necessary."

Upon reviewing the record, it has been shown that the OEPA issued findings and orders to Council in 1989 concerning the discharge of pollutants to the waters of the state of Ohio, namely, Rattlesnake Creek and its tributaries. The orders

required Council to prepare and submit general plans for a sewage system and treatment plant for the designated sewer service area shown on a map provided by OEPA. This document became part of the 1990 general plan submitted by Council through its engineering firm, which was subsequently approved by the OEPA and supplemented by another engineering firm.

When asked about OEPA's basis for ordering Council to construct a municipal sewer system, Council's engineer for the project, Mr. Worl, referred to the studies by OEPA of Rattlesnake Creek that showed high levels of unsuitable waste material in the area. Most important, he mentioned the effluent from septic discharges draining to the testing and collection point on a tributary to Rattlesnake Creek near the appellants' property. Worl opined that it was OEPA's intent to include any potential areas that contribute to such pollution of Rattlesnake Creek into the sewer service district. Consequently, in his judgment, Worl believed that appellants' homes were included within the sewer district designated by the OEPA. Worl also testified that, in his opinion, OEPA's map would not have been prepared with the benefit of site surveys and field measurements.

While Worl admitted that the sewer service area boundary as prepared by his engineering firm is larger than the area drawn by the OEPA with respect to the appellants' homes, it is his opinion that it was necessary to include their homes in order to be in compliance with the requirements of the findings and orders of the OEPA. This testimony was not refuted or contradicted by any competent, credible evidence at the hearing.

Based upon the evidence in the record, we find no error in the trial court's determination that Council did not abuse its discretion or lack necessity to make the appropriation. Appellants' second assignment of error is overruled.

Both of appellants' assignments of error having been overruled, the judgments of the trial court are affirmed.

*Judgments affirmed.*

THOMAS F. BRYANT and HADLEY, JJ., concur.